IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DON WALTER WILLIAMS, JR.** *a living man/demandant*, | ]<br>]<br>] |
| **Plaintiff,** | ]<br>]  **CV-10-BE-0677-S** |
| v. | ]<br>] |
| **JEFFERSON COUNTY, et. al.,** | ]<br>] |
| **Defendants.** | ] |

## MEMORANDUM OPINION

This case comes before the court on the court's "Order to Show Cause" (doc. 5) directing the Plaintiff to show why the court should not abstain from this matter because of the pending proceedings in state court. In his response (doc. 6), Mr. Williams asserts that no pending state proceedings exist because "since the judge in the state course [sic] could not prove jurisdiction over the person or the subject matter, any orders rendered by the same are null and void." For the reasons stated below, the court finds that Mr. Williams has failed to show good cause and *sua sponte* dismisses this action without prejudice.

The Tenth Judicial Circuit Court of Alabama entered a Final Judgment of Divorce between Mr. Don Williams and his former spouse, Ms. Lisa Williams, on February 26, 2010. On March 9, 2010, Mr. Williams filed a Notice and Demand to Vacate the judgment. On March 11, 2010, the Circuit Court set a hearing on Mr. Williams' motion to vacate for April 21, 2010. On March 29, 2010, Mr. Williams filed a Complaint and a Motion for Summary Judgment in this court. He asserts that this court should quash all rulings in the divorce action currently pending

before the state court and find the Defendants guilty of treason.

Because the Tenth Judicial Circuit Court of Alabama is a court of general jurisdiction, the Circuit Court has jurisdiction to enter judgments and decrees until the contrary appears on the record. *See Patterson v. Downs*, 50 So. 2d 408, 410 (Ala. 1951). On the other hand, the jurisdiction of federal courts is *limited* by both the text of the constitution and prudence. *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1335, 1338-39 (11th Cir. 2005). The prudential aspect asks whether this case should be litigated in a federal court by these parties at this time. *Id.* at 1339.

Our federalism values "the notion of 'comity,' that is, a proper respect for state functions, a recognition . . . that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971). Thus, a federal court should abstain from exercising its jurisdiction if doing so would "disregard the comity extended between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.* 481 U.S.1, 2 (1987).

The *Younger* abstention doctrine is triggered if the federal relief requested by the plaintiff would create an "undue interference with state proceedings." *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004). Furthermore, "the state proceedings at issue must involve certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* Abstention is warranted when "the requested federal relief would result in meticulous and burdensome federal oversight of state court . . . functions." *Id.* at 1340. Accordingly, the *Younger* doctrine prevents federal courts from being the grand overseers of state courts. *Id.* at

1341.

In this case, Mr. Williams asks this court to declare his pending divorce action "void for the record" because, as he alleges without support, the Circuit Court has no jurisdiction over his divorce. Mr. Williams contends that the court should not abstain from this matter because the Circuit Court's lack of subject matter jurisdiction renders the proceedings in state court *void ab initio*; thus, no pending proceedings exists. Contrary to Mr. Williams' assertions, his divorce *is* still pending in the Alabama Circuit Court. In fact, a hearing on Mr. Williams' motion to vacate the ruling of the Circuit Court is set for April 21, 2010.

During his divorce action, Mr. Williams repeatedly asked the court to prove that it had jurisdiction over the case. The Circuit Court judge found that the court had jurisdiction and continued to preside over the divorce action. Mr. Williams now brings claims in federal court alleging "treason." This court will neither second-guess the rulings of the Circuit Court nor micro-manage its disposition of jurisdictional issues. As such, the court will not entertain the merits of Mr. Williams' claims because this court refuses to act as a "grand overseer" of the Alabama Circuit Court's determination regarding jurisdictional matters. Any challenge to any rulings by the Circuit Judge, as to jurisdiction or otherwise, can be addressed on appeal through the state court process, but not in federal court. Thus, the court invokes the *Younger* doctrine, abstains from this matter, and dismisses Mr. Williams' claims without prejudice. The court will simultaneously enter an order to that effect.

DONE and ORDERED this 21st day of April, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE